The opinion of the Court was delivered by
Tilghman C- J.
A motion has been made to quash the writ of error in this case, because the judgment of the Court of Common Pleas was conclusive, and not subject to the jurisdiction of this Court. The cause was tried in the Court of Common Pleas on a feigned issue, directed by the board of property, under the act of 20th March, 1810, 5 Sm. L. 151, in order to decide a controversy between the parties, respecting the share to which they were respectively entitled, of a sum of money, to be paid by the Commonwealth, in consideration of their having released their right to several tracts of land in pursuance of the “ Act for offering compensation to the Pennsylvania claimants, of certain lands within the 17 townships in the county of Luzerne, and for other purposes therein mentioned.” The act, by virtue of which the issue was sent to the Court of Common Pleas, declares, “that the judgment and decree of that Court, shall be final.” When words are used by the legislature, which had been used in former laws, and received a well known construction, it must be supposed, that it was intended to preserve an uniformity of construction. Now it had been settled long before the act of 20th March, 1810, that the jurisdiction of this-Court is not taken away by implication. It is not sufficient, to say, that the decision of the inferior Court shall be final. These expressions do not necessarily imply, that the proceedings may not be reviewed for the purpose of correcting errors in law. Two instances were mentioned by the counsel for the plaintiff in error, which fix the construction beyond doubt. By the act of 28th May, 1715, justices of the peace were autho *235 r'ssed to decide in certain cases, where the debt did not exceed 40 shillings, and it was declared, that their judgment should be final and conclusive, to both plaintiff and dependant, without further appeal. Yet these judgments have always been removed to this Court by certiorari; and the proceedings quashed if appearing to be contrary to law. In the act, giving a summary proceeding to landlords to recover possession from tenants who hold over after the expiration of their leases, it is said, “ that the judgment shall be final and con-elusive to the parties.” Yet these proceedings have always been reviewed on removal to this Court by certiorari. But it is contended, that the proceedings in the case before us, if subject to our jurisdiction, should have been removed, not by writ of error, but certioraribecause, they are not according to the course of the common law. The principle is just, that proceedings not according to the course of the common law, are not removeable by writ of error. But what, is the fact ? It is true, that the proceedings before the board of property wer.e not according to common law. But those in the Common Pleas, were strictly so. The record shews a declaration, plea, issue, and trial by jury, in the usual form. It is on that record only, that we are to decide. With the board of property we have nothing to do. I cannot distinguish this case from an issue sent by the Register’s Court to be tried in the Common Pleas, on a disputed will. The Register’s Court does not proceed according to the common law. But the issue is tried in the Common Pleas according to the common law, and therefore the record may be removed to this Court by wriCof error. This is the usual long established practice; and considering it as decisive of the present question, I am of opinion, that the motion to quash the writ of error should be dismissed.
The motion to quash the writ of error having been dismissed, the counsel proceeded to argue the exceptions taken to the proceedings of the Court below; after which
Tilghman C. J.
delivered the opinion of the Court, as follows, having previously stated the case.
It was the object of the act of assembly under which these issues were framed, to have the merits of the controversy tried in the Court of Common Pleas, according to the rules *236 of the common law. The board of property was to direct an issue, and inform the Court of Common Pleas of the subject of that issue. The Court was then to mould the issue acC01‘ding to their discretion. The board of property trans-m'ttec^ t0 Court, a transcript of the proceedings which had taken place before them, and directed, in general terms, that an issue should be formed. They might have been more particular in their directions, but what they did, was sufficient in substance. There w;as enough before the Court, to shew them the subject of the controversy. In the forming of the issue, the Court were to proceed according to their own judgment. It was not material who were made plaintiffs or defendants, provided the matters in dispute were brought to trial. It is our duty to examine, whether the trial was conducted according to law. As to the form in which the matter was brought to trial, it appears to me, that we ought not to intermeddle. Indeed we are too much in the dark, as to the transactions which gave rise to this controversy, to judge whether a better form could be devised than that which was adopted by the Court of Common Pleas. We have heard something of articles of agreement between James Moore, Alexander Hunter, and William M‘Cord, in pursuance of which the released lands were taken up. But what these articles were, we know not. It is impossible for us, therefore, to say, that the Court of Common Pleas were wrong, in permitting Andrew Albright to be placed as plaintiff on the record, or in refusing to suffer the defendant to put in a plea, that John Cook was not the administrator of William M'-Cord. These were circumstances affecting only the forms and not material to the merits of the trial. They do not appear to be errors.
Another exception was taken to the opinion of the Court, in M'-Cord’s issue. The jury offered a kind of verdict, as follows:—“ The jury take the liberty of reporting to the Court, that the defendant is to receive the first purchase money, and one-third part of the balance of what it was sold for, with costs of warrants, surveys, and money expended for that use. The two-thirds of the balance, for the use of the plaintiff.” This the Court refused to receive, and told the jury, that if they were of opinion M'-Cord had a right to one-third of the lands released, they should fin'd generally for the plaintiff j but if their opinion was otherwise, they should find *237 for the defendant. In this, the Court did no more than hold the jury to the issue, which was certainly right. The point of the issue was, whether M1- Cord was entitled to one-third. A finding on any other point, was wandering from the mark.
Upon the whole, I am of opinion, that no error appears on the record, and therefore the judgment should be affirmed.
Judgment affirmed.